GAMBURG & BENEDETTO, LLC
BY: DONALD BENEDETTO, ESQUIRE
I.D. NO. 309199
1500 JOHN F. KENNEDY BLVD
SUITE 1203
PHILADELPHIA, PA 19102
(215) 567-1486
ATTORNEY FOR PLAINTIFF: DIANE JACKMAN

<strong>UNITED STATES DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF PENNSYLVANIA</strong>

| | |
|---|---|
| DIANE JACKMAN : | |
| Plaintiff, : | |
| vs. : | **COMPLAINT** |
| EUGENE KURMAN, : | **CASE NO. 26-1107** |
| JOHN DOE 1-5 & JANE DOE 1-5 : | |
| Defendants. : | |

PLAINTIFF, DIANE JACKMAN., ("Jackman"), by and through her attorneys bring this Complaint against DEFENDANTS, EUGENE KURMAN ("Kurman") AND JOHN AND JANE DOES 1-5, (Collectively "the Defendants") and now say:

<u><strong>Introduction</strong></u>

1. This is an action for damages and injunctive relief relating to the Defendants' transfer, publishing, distributing and making accessible intimate visual depictions ("images") of the Plaintiff without her consent or knowledge on the pornographic website "wifelovers.com."

2. As detailed below, the Defendants' misappropriation and unauthorized use of the images of the Plaintiff constitutes a violation of 15 U.S.C. § 6851 (Civil Action Relating to the

Disclosure of Intimate Images), 15 U.S.C. § 1125 (a)(1)(A) (the Lanham Act), 42 Pa. Cons. Stat. Ann. § 8316.1 (PA Law on Unlawful Dissemination of Images), Violation of the Right to Privacy, Intentional and or Negligent Infliction of Emotional Distress and Negligence.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because there is a question of federal law pursuant to 15 U.S.C. § 6851 and 15 U.S.C. § 1125.

4. This Court has supplemental jurisdiction over related state claims pursuant to 28 U.S.C. § 1367.

5. Venue in the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. 1391(b)(1)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## The Parties

6. Plaintiff, Diane Jackman is an adult individual currently residing in the Commonwealth of Virginia.

7. Defendant, Eugene Peter Kurman is an adult individual currently residing in Perkasie, Pennsylvania.

8. Defendants John Doe 1-5 are the owners, operators, agents or employees of a pornographic website known as "wifelovers.com" which otherwise hides its domain ownership and registry information from the public behind a proxy domain register and their identity is unknown to the Plaintiff and unascertainable.

9. Defendants Jane Doe 1-5 are the owners, operators, agents or employees of a pornographic website known as "wifelovers.com" which otherwise hides its domain ownership and registry information from the public behind a proxy domain register and their identity is unknown to the Plaintiff and unascertainable.

## Facts

10. Plaintiff Jackman and Defendant Kurman were husband and wife for approximately 33 years at the time giving rise to the events in this Complaint.

11. Plaintiff Jackman and Defendant Kurman resided together in Bucks County, Pennsylvania during the times relevant hereto.

12. Plaintiff Jackman worked for a local law enforcement agency and Defendant Kurman operated an auto-body repair business.

13. Unbeknownst to Plaintiff Jackman, Defendant Kurman was transferring, publishing, distributing and making accessible intimate visual depictions ("images") of the Plaintiff without her consent or knowledge on the pornographic website "wifelovers.com."

14. The images placed by Defendant Kurman on "wifelovers.com" included the uncovered genitals, pubic area, anus, and breasts of the Plaintiff and otherwise depicted her in provocative manners.

15. Many of the images in question showed her face and the images were aggregated together.

16. Plaintiff did not consent to these images being placed on "wifelovers.com" and this was done without her knowledge.

17. Even more egregious, Defendant Kurman also published Plaintiff's name and other biographic information on the website.

18. On at least one occasion, Defendant Kurman shared an image of the Plaintiff which included her location information and that of her adult daughter in its metadata.

19. As a result of the personal identifiers of the Plaintiff published by Defendant Kurman, the Plaintiff was contacted by another purported member of "wifelovers.com" via Facebook seeking to arrange a meeting of a sexual nature.

20. Plaintiff Kurman learned of her presence on the website as a result of the aforementioned contact.

21. Upon confronting the Defendant, he admitted to Plaintiff that he published the images on "wifelovers.com" without the Plaintiff's consent or knowledge.

22. On information and belief, Defendant Kurman also corresponded with several other members or account holders of "wifelovers.com" and shared further personal, intimate and other information about the Plaintiff.

23. Access to the "wifelovers.com" website requires an account and password and as a result the Plaintiff does not know the full extent of the publication of the intimate images and other information or whether these images were shared to other websites.

24. As a result of the publication of the images on the website, the Plaintiff suffered great humiliation and due to the embarrassment, left her job of over 30 years and relocated from Pennsylvania.

25. As a result of the foregoing events, the Plaintiff suffered severe emotional distress which resulted in treatment and the physical manifestation of symptoms.

26. As it pertains to Defendants John & Jane Doe 1-5, these defendants used intimate images of the Plaintiff without her knowledge or consent to be published on their website "wifelovers.com."

27. Defendants John & Jane Does 1-5 did publish the images of the Plaintiff, some with descriptive metadate, on their website "wifelovers.com."

28. Users of the website "wifelovers.com" did gain personal information and contact the Plaintiff through information published on the website by Defendants John & Jane Doe 1-5.

29. Defendants John & Jane Doe 1-5 facilitated the publication of images and contact by its users of the Plaintiff.

30. The website "wifelovers.com" is available on the worldwide web and engaged in interstate commerce.

31. Defendants John & Jane Doe 1-5 did so knowing Plaintiff has and did not have any affiliation or connection to their website.

32. At no time did Plaintiff authorize the Defendants to use the images in question in the manner which they were.

33. The explicit images referenced herein are private information of the Plaintiff.

34. This private information was publicly disclosed by the Defendants.

35. In distributing and publishing the images and biographic information of the Plaintiff, the Defendants acted with a bad motive.

36. In distributing and publishing the images and biographic information of the Plaintiff, the Defendants acted with a reckless and intentional indifference towards the Plaintiff.

37. The Defendants, in taking the actions described herein, were aware of their conduct and knew the risk of that conduct.

38. The unauthorized use of the images described herein has caused great harm to the Plaintiff and egregious.

39. The conduct described herein shocks the conscience of a reasonable person.

40. The conduct described herein is extreme and outrageous.

## **COUNT I – VIOLATION OF 15 U.S.C. § 6851**

### (As to All Defendants)

41. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

42. 15 U.S.C. § 6851 (Civil Action Relating to the Disclosure of Intimate Images) applies to the Defendants.

43. The Plaintiff is a "depicted individual" as set forth under 15 U.S.C. 6851(a)(3).

44. The images described herein are "intimate visual depictions" as set forth under 15 U.S.C. 6851(a)(5).

45. The website "wifelovers.com" is in or affecting interstate commerce or uses a means or facility of interstate commerce.

46. Plaintiff did not consent to the disclosure of the depictions as more fully described in this Complaint.

47. Defendants knew or should have known that the Plaintiff did not consent to the disclosure of the depictions.

48. Due to the disclosure of the depictions described herein, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of actual damages or liquidated damages in the amount of $150,000, whichever is higher, and the cost of the action, including reasonable attorney's fees as permitted

by statute and other litigation costs reasonably incurred.  Plaintiff further requests that a permanent injunction be entered ordering the defendants to cease display or disclosure of the visual depictions.

## COUNT II – VIOLATION OF 15 U.S.C. 1125

### (As to Defendants John & Jane Does 1-5 Only)

49. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.
50. 15 U.S.C. § 1125 (a)(1)(A) (the Lanham Act) applies to the Defendants and protects the Plaintiff from the conduct described herein.
51. The website "wifelovers.com" is a "good or service" within the meaning set forth under 15 U.S.C. § 1125 (a)(1).
52. The website "wifelovers.com" is engaged in commerce within the meaning set forth under 15 U.S.C. § 1125 (a)(1).
53. The use of the depictions described herein is false or misleading description of fact, or false or misleading representation of fact within the meaning set forth under 15 U.S.C. § 1125 (a)(1).
54. Defendants used the depictions of the Plaintiff in order to create the false impression to the public and the users of "wifelovers.com" that Plaintiff was somehow affiliated, associated or connected with the website.
55. Accordingly, this was done for the furtherance of the commercial benefit of "wifelovers.com" and the Defendants.
56. Defendants were aware or should have been aware that the Plaintiff was in no way affiliated with the website "wifelovers.com."

57. Despite knowing that the Plaintiff was not affiliated with the website, Defendants used her images on the website in order to mislead its users and the public as to Plaintiff's affiliation with it.

58. Defendants knew their use of the Plaintiff's images would cause consumer confusion.

59. Defendants use of Plaintiff's depictions did cause consumer confusion as she was contacted directly by a member of "wifelovers.com" attempting to solicit her.

60. As a direct and proximate result of the Defendants' actions, Plaintiff has no control over how her images are used.

61. The use of the depictions by the defendants reflects adversely on the Plaintiff.

62. Due to the Defendants' unauthorized use of the Plaintiff's depictions in this manner, the Plaintiff has been damaged in an amount as to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

## **COUNT III – RIGHT OF PRIVACY**

### **(As to All Defendants)**

63. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

64. As set forth herein, the Defendants have violated the Plaintiff's common law right to privacy under Pennsylvania Law.

65. Defendants have done so by taking intimate visual depictions of the Plaintiff and disseminating them on the internet without consent.

66. The intimate visual depictions of the Plaintiff are a private matter belonging to the Plaintiff.

67. By publishing the Plaintiff's private information on the website "wifelovers.com" the Defendants did publicly disclose this information.

68. The website in question is used for commercial purposes.

69. At no point did the Defendants obtain permission or consent to disclose the Plaintiff's private information.

70. Plaintiff further believes that the public disclosure of her private information was intentionally hidden, inherently undiscoverable or inherently unknowable to her.

71. At all times relevant hereto the Defendants were aware that they did not have the Plaintiff's permission or consent to use her private information.

72. The Defendants actions in disclosing the Plaintiff's private information was committed with a bad motive, recklessly with an intentional indifference to her.

73. At all times relevant hereto, the Defendants were aware of their conduct, knew the risks of that conduct and intentionally disregarded the risks to the Plaintiff.

74. As a result of the conduct described herein, the Plaintiff has suffered damages to include loss of money, reputation and property in an amount as to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial and award Punitive Damages based on the conduct as set forth herein.

## COUNT IV - 42 PA § 8316.1

### (As to All Defendants)

75. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

76. 42 Pa. Cons. Stat. Ann. § 8316.1 (Damages in actions for unlawful dissemination of intimate image) applies to the Defendants.

77. The images described herein are "intimate images" as set forth in 42 PA § 8316.1(a).

78. The images described herein were disseminated by the Defendants as set forth in 42 PA § 8316.1(a).

79. As a result of the conduct described herein, the Plaintiff has suffered damages to include loss of money, reputation and property in an amount as to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial, award treble damages as permitted by statute and attorneys fees as permitted by statute.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to Defendant Kurman Only)

80. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

81. Defendant Kurman's conduct, as set forth in the foregoing paragraphs of this complaint, was so outrageous in character and so extreme in degree as to fall outside the bounds of decency and is to be regarded as intolerable in the community.

82. At all times relevant hereto, Defendant Kurman knew with substantial certainty that severe emotional distress would be produced by his conduct.

83. By engaging in the acts set forth in the foregoing paragraphs of this complaint, Defendant Kurman engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Plaintiff.

84. As a direct and proximate result of the acts of Defendant Kurman as set forth in the foregoing paragraphs of this Complaint, Plaintiff has in the past been required, and may in the future require, medicine, medical care and other treatment in order to cure herself of the injuries she has sustained; has in the past been obliged, and may in the future be obliged, to expend various sums of money for such medical care and treatment.

85. As a further direct and proximate result of the acts of the Defendant as set forth in the foregoing paragraphs of this Complaint, Plaintiff has been caused to suffer severe emotional distress, humiliation, embarrassment and financial loss.

86. The conduct of Defendant Kurman in this matter and as described in the preceding paragraphs of this Complaint was outrageous.

87. Defendant Kurman acted for the purpose of causing the Plaintiff emotional distress so severe that it could be expected to adversely affect her mental health

88. Plaintiff has been damaged by the Defendant's conduct in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial and award Punitive Damages based on the conduct as set forth herein.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (As to all Defendants)

89. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

90. The disclosure of the intimate images of the Plaintiff by the Defendants, and the other acts described herein, constituted negligent, reckless or intentional conduct by the Defendants.

91. The Defendant owed the Plaintiff a duty not to disclose the images described herein, not to invade her privacy or otherwise act in the manner described in this Complaint.

92. The Defendants are negligent *per se* by way of their violations of 15 U.S.C. § 6851 and 42 PA § 8316.1.

93. The Plaintiff was in the zone of danger by way of her being contacted by an unsolicited third party seeking a sexual meeting which could have resulted in physical harm.

94. Defendants' negligent and reckless conduct as described herein caused Plaintiff severe emotional embarrassment and humiliation and caused her severe emotional distress.

95. As a direct result of Defendants' negligent infliction of emotional distress, Plaintiff sustained psychological trauma, loss of sleep, anxiety and other issues requiring medical treatment, all of which are or may be permanent in nature.

96. As a direct result of Defendants' negligent infliction of emotional distress, Plaintiff has suffered and will continue to suffer great pain, embarrassment, mental anguish and loss of the enjoyment of life.

97. As a direct result of Defendants' negligent infliction of emotional distress, Plaintiff has expended and will be required to expend large sums of money for medical services and treatment of the injuries described above.

98. As a direct result of Defendant's negligent infliction of emotional distress, Plaintiff has been and will be deprived of earnings.

99. Plaintiff has suffered damages in an amount as to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial and award Punitive Damages based on the conduct as set forth herein.

## COUNT VII – NEGLIGENCE

**(As to John & Jane Does 1-5)**

100. Plaintiff realleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

101. Defendants John & Jane Does 1-5 had a duty to the Plaintiff to operate their website "wifelovers.com" in a reasonable manner.

102. Defendants John & Jane Does 1-5 had a duty to the Plaintiff to obtain her consent prior to posting any explicit images of the Plaintiff on their website, "wifelovers.com.".

103. Defendants John & Jane Does 1-5 had a duty to the Plaintiff not to post her private information, identity and other information on their website without her consent.

104. Defendants John & Jane Does 1-5 breached this duty by posting intimate depictions of the Plaintiff and her biographical information on their website, "wifelovers.com."

105. As a direct result of Defendants' negligence, Plaintiff sustained psychological trauma, loss of sleep, anxiety and other issues requiring medical treatment, all of which are or may be permanent in nature.

106. As a direct result of Defendants' negligence, Plaintiff has suffered and will continue to suffer great pain, embarrassment, mental anguish and loss of the enjoyment of life.

107. As a direct result of Defendants' negligence, Plaintiff has expended and will be required to expend large sums of money for medical services and treatment of the injuries described above.

108. As a direct result of Defendant's negligent infliction of emotional distress, Plaintiff has been and will be deprived of earnings, loss of property and other damages to be proved at trial.

109. Plaintiff has suffered damages in an amount as to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendants in the amount of damages as determined at trial and award Punitive Damages based on the conduct as set forth herein.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all matters to which it is so entitled.

                                            Respectfully submitted,

                                            /s/Donald Benedetto
                                            GAMBURG & BENEDETTO
                                            By:  Donald Benedetto, Esquire
                                            Atty. I.D. #309199
                                            1500 JFK Blvd., Suite 1203
                                            Philadelphia, PA 19102
                                            (215) 567-1486
                                            (215) 940-6661 (fax)
                                            don@gamburglaw.com
                                            Attorney for Plaintiff:
                                            Diane Jackman